United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10143
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN VILLANUEVA PRONES, also known
as Gustavo Aguirre,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CR-37-ALL
--------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Juan Villanueva Prones appeals the sentence imposed following
his guilty-plea conviction for illegal reentry after deportation in
violation of 8 U.S.C. § 1326(a) and (b)(2).  He argues that the
district court's enhancement of his sentence under United States
Sentencing Guidelines § 2L1.2(b)(1)(C) violated United States v.
Booker, 125 S. Ct. 738 (2005).  He also argues that considering his
prior state conviction as an aggravated felony under U.S.S.G. §

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2L1.2(b)(1)(C) was an erroneous application of the federal sentencing guidelines.

We review Prones's first issue de novo. See United States v. Pineiro, 410 F.3d 282, 285 (5th Cir. 2005). The government concedes that Prones preserved a Booker error but argues that because the district court expressly refused to run the appellant's 24-month guidelines sentence concurrently with his state court sentence, there could not have been harmful error. Under the circumstances of this case, the district court's conscious decision not to award a concurrent sentence persuades us that any Booker error was harmless beyond a reasonable doubt. United States v. Mares, 402 F.3d 511, 518 (5th Cir. 2005).

We review Prones's second issue for plain error. United States v. Garcia-Cantu, 302 F.3d 308, 310 (5th Cir. 2002). Prones concedes that his second argument is foreclosed by circuit precedent, and he raises it to preserve it for possible further review by this court en banc or by the Supreme Court. The argument is foreclosed. A state felony conviction for simple possession of a controlled substance is an aggravated felony for U.S.S.G. § 2L1.2 purposes, even though such a conviction is a misdemeanor under federal law. See Hinojosa-Lopez, 130 F.3d at 693-94. Jerome v. United States, 318 U.S. 101 (1943), does not affect this court's binding precedent. Accordingly, Prones's sentence is AFFIRMED.