United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-11058
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GREGORY WAYNE WOODS,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Northern District of Texas
_____

Before DAVIS, SMITH and DENNIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Gregory Wayne Woods pleaded guilty to a single count of bank fraud in violation of 18 U.S.C. § 1344. He appeals his 46-month sentence pursuant to United States v. Booker, 125 S. Ct. 738 (2005). Because Woods preserved his claim of error and the Government cannot demonstrate the error was harmless, we VACATE Woods' sentence and REMAND to the district court for re-sentencing.

1

On May 7, 2004, Woods pleaded guilty to one count of bank fraud, prohibited by 18 U.S.C. § 1344.  A pre-sentence report ("PSR") calculated Woods' total offense level at 19, including a seven-level increase because the amount of loss was between $120,000 and $200,000, a two-level increase because the offense involved more than minimal planning, and a four-level increase because of Woods' role as an organizer or leader who recruited and instructed participants in a criminal activity that involved five or more participants.  A total offense level of 19 combined with a criminal history category III resulted in a recommended Sentencing Guideline range of 37 to 46 months of imprisonment. In addition, the PSR recommended an upward departure because Woods' criminal history score under-represented the seriousness of his criminal history or the likelihood that he would commit additional crimes.

Woods objected to the PSR on the basis of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), and Blakely v. Washington, 124 S. Ct. 2531, 2537 (2004), arguing that the findings which resulted in enhancements totaling 13 levels were based on facts to which he had not admitted nor had been found by a jury. Nonetheless, the district court adopted the factual findings of

the PSR and concluded that the 13 level enhancement was appropriate.[1]  The court did not adopt the PSR's recommendation to depart upwardly, however, but stated:  "Well, it's a close call, but I'm not going to upwardly depart in this case.  I am going to impose a sentence at the top of the guideline range." The district court sentenced Woods to 46 months in prison, the top of the applicable guideline range including the enhancements. The court also ordered Woods' sentence to run consecutively to any sentence imposed by the state court in an unrelated criminal proceeding then pending against Woods', ordered Woods to pay $129,324 in restitution, and ordered Woods to serve three years of supervised release.

Woods now appeals his sentence, arguing that the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), confirms that the sentence imposed upon him by the district court violated the 6th Amendment.  The Government concedes, as it must, that the district court erred by enhancing Woods' offense level under the pre-Booker mandatory guidelines system based on facts to which Woods did not admit and not found

---

[1] Woods objected to the facts set forth in the PSR supporting the enhancements to which he did not admit.  The district court overruled the objection.  Woods does not challenge the sufficiency of the evidence for the court's factual findings or otherwise object to the enhancements themselves on appeal.

beyond a reasonable doubt by a jury.  The Government argues, however, that such an error was harmless, based principally on the district court's decision to impose a sentence at the top of the applicable guidelines range.

## II.

When a Sixth Amendment claim under <u>Booker</u> "is preserved in the district court by an objection, we will ordinarily vacate the sentence and remand, unless we can say the error is harmless under rule 52(a) of the Federal Rules of Criminal Procedure." <u>United States v. Mares</u>, 402 F.3d 511, 520 n. 9 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 43 (2005); <u>see also</u> <u>United States v. Olano</u>, 507 U.S. 725, 734 (1993) (noting that harmless error standard applies when defendant makes timely objection to error).

"Harmless error is '[a]ny defect, irregularity, or variance that does not affect substantial rights' of the defendant, and 'arises when the mistake fails to prejudice the defendant.'" <u>United States v. Akpan</u>, 407 F.3d 360, 376 (5th Cir.2005) (quoting FED. R. CRIM. P. 52(a)).  "[T]he government must bear the burden of demonstrating that the error was harmless by demonstrating beyond a reasonable doubt that the federal constitutional error of which the defendant complains did not contribute to the sentence that he received."  <u>Id.</u> at 377 (citations omitted); <u>see</u>

4

also <u>Olano</u>, 507 U.S. at 734 (noting that the inquiry to determine prejudice is the same between plain error and harmless error, but that the defendant, rather than the government, bears the burden of persuasion with respect to prejudice under plain-error review); <u>Chapman v. California</u>, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) (holding that "before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt"). Put another way, an error is deemed harmless only if the government proves beyond a reasonable doubt that it did not affect the outcome of the district court proceedings. See <u>United States v. Pineiro</u>, 410 F.3d 282, 285(5th Cir. 2005).

## A.

The Government points to the fact that the district court sentenced Woods to 46 months of imprisonment, the top of the guidelines-determined range, in an attempt to meet its burden under the harmless error standard. This court has previously addressed the effect of maximum and minimum sentences within the guidelines-determined range only in the context of plain-error review. In <u>United States v. Rodriguez-Gutierrez</u>, 428 F.3d 201 (5th Cir. 2005), this court observed that prior cases had given varying weight to the relationship between the actual sentence

imposed and the range of sentences provided by the Guidelines, and noted that "[s]entences that fall at the absolute maximum of the Guidelines provide the strongest support for the argument that the judge would not have imposed a lesser sentence." Id. at 204. Similarly, "sentences following at the absolute minimum of the Guidelines provide the strongest support for the argument that the judge would have imposed a lesser sentence." Id. at 205. However, we cautioned, "we do not suggest that a defendant sentenced at the absolute maximum of the range provided by the Guidelines will never be able to show that his substantial rights were affected." Id.[2]

---

[2] Other Circuits have also found a sentence imposed at the top of the Guidelines-determined range to be persuasive evidence against substantial prejudice under plain-error review. See United States v. Brennick, 405 F.3d 96, 101-02 (1st Cir. 2005) ("Given the court's exercise of discretion to sentence at the most severe end of the range and its assertion that it would have given a more severe sentence if it had the latitude to do so, we can see no reasonable probability that the court would have sentenced more leniently had it understood that it was not constrained by the Guidelines."); United States v. Gonzalez-Mercado, 402 F.3d 294, 304 (1st Cir. 2005) ("When, under a mandatory guidelines regime, a sentencing court has elected to sentence the defendant substantially above the bottom of the range, that is a telling indication that the court, if acting under an advisory guidelines regime, would in all likelihood have imposed the same sentence."); United States v. Mozee, 405 F.3d 1082, 1091-92 (10th Cir. 2005) ("Because the court decided to maximize punishment rather than exercise leniency where it had discretion, there is no basis for us to assume Mr. Mozee would receive a lesser sentence if he were resentenced under a discretionary sentencing regime in which the district court is required to 'consider' the guidelines when it exercises its discretion."), cert. denied,

The imposition of a sentence at the maximum end of the Guidelines-determined range, however, is less persuasive when considered under the harmless-error standard. When a defendant fails to preserve <u>Booker</u> error with an objection in the district court, the sentence imposed is reviewed for plain error, and the burden is on the defendant to demonstrate "a probability sufficient to undermine confidence in the outcome." <u>Id.</u> at 203. When reviewing for harmless error, however, the Government bears the burden of proving *beyond a reasonable doubt* that the Booker error did not affect the outcome of the district court proceedings. <u>See Pineiro</u>, 410 F.3d at 285.

Although a judge sentencing a defendant at the top of the applicable range under the pre-Booker sentencing regime may be enough to prevent that defendant from undermining confidence in the outcome when reviewed for plain error, it does not follow that the same sentence is enough to satisfy the burden on the Government to prove beyond a reasonable doubt that the sentence would not have been different under the post-<u>Booker</u> advisory regime. Instead, the Government must shoulder the heavy burden of demonstrating that the district court would not have imposed a different sentence under the advisory regime—in essence, the

126 S. Ct. 253 (2005).

Government must prove a negative. Such proof is certainly not impossible, but where the Government's principal evidence is a sentence at the top of the range determined by the Guidelines under a mandatory sentencing regime, the Government has not carried its burden.

Our conclusion that a sentence imposed at the top of the Guidelines-determined range might be sufficient to prevent a defendant from prevailing under plain-error review, but not sufficient to demonstrate that a Booker error was harmless beyond a reasonable doubt is consistent with the law of at least two other Circuits. The Seventh Circuit has recognized the same distinction in its decisions. That court found, like this Court found in Rodriquez-Gutierrez, that a sentence at the top of the Guidelines-determined range, especially when combined with an upward departure, prevented a defendant from prevailing under plain-error review. See United States v. Cunningham, 405 F.3d 497, 504-05 (7th Cir. 2005). However, the Seventh Circuit has also concluded that under the harmless-error standard "even a term of imprisonment at the top of the range 'does not rule out the possibility that the judge might have imposed a lesser sentence had he known that the Guidelines did not bind him.'" United States v. Carroll, 412 F.3d 787, 794 (7th Cir. 2005)

8

(quoting United States v. Della Rose, 403 F.3d 891, 907 (7th Cir.2005)).

Our decision is also consistent with the law of the Second Circuit. In United States v. Lake, 419 F.3d 111 (2d Cir. 2005), that court addressed the argument made by the Government that a sentence well above the bottom of the Guidelines-determined range demonstrated that any Booker error was harmless beyond a reasonable doubt. The court disagreed, and found that such an argument overlooks three important aspects of sentencing under the post-Booker regime:

> First, the fact that a judge selects a sentence within a guideline range that the judge thought he was required to apply does not necessarily mean that the same sentence would have been imposed had the judge understood the Guidelines as a whole to be advisory. The applicable guideline range provides the frame of reference against which the judge chooses an appropriate sentence. In this case, for example, Judge Block might have thought that once the Commission specified the range it deemed appropriate for offense conduct like Lake's, the details of Lake's offense conduct were sufficiently serious to warrant punishment somewhat high in that range, but he might also have thought that a somewhat lower sentence would have been appropriate if he was selecting a sentence without regard to a Commission-prescribed range. Second, although even before Booker, a sentencing judge was obliged to consider all the factors set forth in 18 U.S.C. § 3553(a), the required use of one of those factors--the Guidelines--rendered of "uncertain import" the significance of the other factors. Now, without the mandatory duty to apply the Guidelines, consideration of the other section 3553(a) factors "acquires renewed significance," and might result in a

9

> different sentence.  Third, absent the strictures of
> the Guidelines, counsel would have had the opportunity
> to urge consideration of circumstances that were
> prohibited as grounds for a departure.

Id. at 114.  As the Second Circuit stated in Lake, we cannot say it is likely that the district court in this case would have imposed a different sentence upon Woods under the post-Booker sentencing regime, "but the Government has not shown that the possibility is so remote as to render the sentencing error harmless."  Id.[3]

B.

The Government next argues that the district court's order that the federal sentence imposed run consecutively with any sentence imposed in Woods' pending state criminal proceedings demonstrates that the Booker error was harmless.  This court has

---

[3] The Tenth Circuit has disagreed with this approach, and in United States v. Riccardi, that court held that a constitutional Booker error was harmless where the district court sentenced at the top of the range.  See 405 F.3d 852, 874-75 (10th Cir. 2005), cert. denied, 126 S. Ct. 299 (2005).  The Tenth Circuit's decision in Riccardi, however, provides little analysis in support of this conclusion, instead relying on the Sixth Circuit opinion in United States v. Bruce, an opinion that concludes only that a sentence at the top end of the Guidelines-determined range was probative under the *plain-error standard*, not the harmless error standard.  Moreover, the Sixth Circuit's opinion on these grounds in Bruce was later vacated, and the defendant's sentence vacated and remanded for resentencing.  See U.S. v. Bruce, 396 F.3d 697, 720 (6th Cir. 2005), vacated, 405 F.3d 1034 (6th Cir. Apr 07, 2005).  We find the Tenth Circuit's approach less persuasive than that followed by the Second and Seventh Circuits.

recognized that the imposition of consecutive sentences may, under some circumstances, demonstrate that a <u>Booker</u> error was indeed harmless. In an unpublished decision, we determined that <u>Booker</u> error was harmless where the sentencing court expressly refused to run the defendant's federal Guidelines sentence with his previously imposed state sentence. <u>United States v. Prones</u>, 145 Fed. Appx. 481, 482 (5th Cir. 2005) (unpublished); <u>see also</u> <u>United States v. Garza</u>, 429 F.3d 165, 170 (5th Cir. 2005) (identifying imposition of consecutive sentences as one of only two circumstances in which this court has found <u>Booker</u> error to be harmless).

However, whether imposition of consecutive sentences is sufficient to demonstrate that a <u>Booker</u> error is harmless is a fact-sensitive inquiry that must examine the relationship between the two sentences imposed. In this case, Woods' PSR reveals that the charges pending against him in state court were unrelated to the federal charges, based on entirely unrelated conduct occurring during a different time period. This Court has previously said that "consecutive sentencing is an appropriate mechanism for imposing distinct punishment for separate criminal acts, and that a defendant has no right to have concurrent sentences imposed for two totally unrelated offenses." <u>United</u>

11

States v. Olivares-Martinez, 767 F.2d 1135, 1137 (5th Cir. 1985) (citations omitted).

Where the imposition of consecutive sentencing is based or appears to be based on the unrelated federal and state charges, we decline to ascribe any motivation to the district court other than adherence to the default rule that totally unrelated crimes should ordinarily receive distinct punishment. The mere imposition of consecutive sentences for unrelated crimes has little or no probative value tending to demonstrate that the Booker error in this case was harmless.

C.

The Government also points to the fact that the district court considered and narrowly rejected an upward departure based on the recommendation of the PSR.[4] The fact that the district court carefully weighed the recommendation of the PSR to impose an upward departure, and chose not to do so, is not a factor which proves beyond a reasonable doubt that the court's Booker error was harmless. The court did not impose such an upward

---

[4] This recommended departure was based on U.S.S.G. § 4A1.3, p.s., which provides that if "reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range."

departure, and his decision not to do so does not give us confidence that the district court would have imposed an identical sentence under the post-Booker sentencing regime.[5]

D.

Finally, the Government argues that the district court's Booker error is harmless here because there is no basis in the record for concluding that Woods would have received a lesser sentence if the district court had proceeded under advisory guidelines. This argument, however, misconceives the burden of proof where the defendant preserves the Booker error with an objection, as Woods did here. It is the Government's burden, not Woods', to prove that the sentence imposed would be the same. This court previously rejected similar arguments from the Government in United States v. Pineiro, 410 F.3d 282, 285 (5th Cir.2005) and United States v. Lopez-Urbina, --- F.3d ---, 2005

---

[5] Indeed, this court has noted that even a departure actually imposed by the district court in some cases may not be enough to demonstrate that a Booker error was harmless beyond a reasonable doubt. See United States v. Garza, 429 F.3d 165, 171 (5th Cir. 2005) ("Yet, even a discretionary departure decision is informed by the Guidelines and 'thus sheds little light on what a sentencing judge would have done knowing that the guidelines were advisory.'") (quoting United States v. Schlifer, 403 F.3d 849, 854 (7th Cir. 2005)); see also Burke v. United States, 425 F.3d 400, 417 (7th Cir. 2005). Because the district court declined to depart upwardly, we need not address that question in this case.

WL 1940118, *12 (5th Cir. Aug. 15, 2005), <u>cert. denied</u> 126 S. Ct. 672 (2005). In <u>Pineiro</u>, this court stated:

> Although this argument would be persuasive under plain-error review, this argument fails to show that the preserved error was harmless. It is the government that must show that the sentencing judge would have imposed the same sentence under an advisory sentencing scheme. The judge's silence as to whether or not he would have imposed a different sentence under an advisory regime does not satisfy this burden. If we were to accept this argument to find that the error was harmless, we would effectively be relieving the government of its burden and placing it on the defendant.

<u>Pineiro</u>, 410 F.3d at 286. As in <u>Pineiro</u>, the Government in this instance has the burden to prove that the district court's error was harmless by showing that the district court would have imposed the same sentence under the post-<u>Booker</u> advisory regime. Woods' inability to point to evidence in the record that the district court would have imposed a different sentence is irrelevant under harmless error analysis. Because it is unclear whether the district court would have imposed the *same* sentence, the error cannot be considered harmless.

### III.

The arguments made by the government are insufficient to demonstrate that the <u>Booker</u> error in this case was harmless. The only factor tending to show that that the district court might have imposed the same sentence under the post-<u>Booker</u> sentencing

14

regime is the imposition of a sentence at the top of the Guidelines range. However, for reasons discussed above, such a sentence is insufficient to demonstrate that the error was harmless. None of the other factors to which the government points have probative value, and therefore, even taken cumulatively, fail to satisfy the government's burden. We therefore conclude that the government has failed to meet its burden of showing beyond a reasonable doubt that the district court would have imposed the same sentence under the post-<u>Booker</u> advisory sentencing regime. Thus, Woods is entitled to resentencing in accordance with <u>Booker</u>.

For the reasons set forth above, we vacate Woods' sentence and remand to the district court for resentencing consistent with <u>Booker</u>.

VACATED and REMANDED.