

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-14-2006

# USA v. Riddle

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2742

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Riddle" (2006). *2006 Decisions.* Paper 1434.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1434

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

No. 05-2742

————

UNITED STATES OF AMERICA

v.

LOUIS RIDDLE,

<u>Appellant</u>

————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 04-cr-00363)
Honorable William J. Nealon, District Judge

————

Submitted under Third Circuit LAR 34.1(a)
March 6, 2006

BEFORE: ROTH and GREENBERG, <u>Circuit</u> <u>Judges</u>, and
BUCKWALTER, <u>District</u> <u>Judge</u>*

(Filed March 14, 2006)

————

OPINION OF THE COURT

————

GREENBERG, <u>Circuit</u> <u>Judge</u>.

————

*Honorable Ronald L. Buckwalter, Senior Judge of the United States District Court for
the Eastern District of Pennsylvania, sitting by designation.

Louis Riddle appeals from a judgment of conviction and sentence entered on May 20, 2005, after his plea of guilty to an information charging him with conspiracy by an unlawful user of controlled substances to transport and receive firearms through interstate commerce in violation of 18 U.S.C. § 371. The district court sentenced Riddle to a 42-month custodial term to be followed by a three-year term of supervised release. The district court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

On this appeal Riddle does not challenge his conviction but advances the following contentions with respect to his sentence:

I. The district court erred in enhancing Riddle's sentence based upon its finding by a preponderance of the evidence, that he believed he transported guns to be used for crime.

    A. Riddle had no reason to believe that he was transporting guns for criminal purposes.

    B. The district court improperly based its finding on facts found by a preponderance of the evidence, not beyond a reasonable doubt.

II. The district court erred when it imposed sentence without explicitly articulating its consideration of the 18 U.S.C. § 3553(a) sentencing factors, making the sentence unreviewable and unreasonable.

Riddle's first contention relates to the court applying a 4-level enhancement under U.S.S.G. § 2K2.1(b)(5). By reason of that 4-level enhancement Riddle's total offense level was increased from 17 to 21, thus increasing his sentencing range from 27 to 33 months to 41 to 51 months predicated on his Criminal History Category of II. Section

2

2K2.1(b)(5) provides for a 4-level enhancement if the defendant possessed or transferred any firearm with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense. Riddle asserts that the court erred in applying this enhancement as the facts did not support it. Moreover, he contends that the court erroneously found the facts justifying application of the guideline by a mere preponderance of evidence whereas the beyond the reasonable doubt standard was applicable.

We reject these contentions for the following reasons. First, the court indicated that it was making its findings both beyond a reasonable doubt and by a preponderance of the evidence. Second, in any event, under United States v. Cooper, 2006 U.S. App. Lexis 3437 at *14, __ F.3d __ (3d Cir. 2006), and United States v. Miller, 417 F.3d 358, 363 (3d Cir. 2005), a finding by a preponderance of the evidence was adequate. Third, the record supports the court's findings, and thus we cannot upset them. See United States v. Ortiz, 878 F.2d 125, 126-27 (3d Cir. 1989).

We also reject Riddle's second contention. In this regard we point out that the court was well aware of the requirements of 18 U.S.C. § 3553(a) as it explicitly found that it was imposing a "reasonable [sentence] in view of the considerations expressed" in that section. App. at 75. Moreover, we are satisfied from the court's comments at the sentencing hearing that it adequately considered the applicable sentencing factors.

For the foregoing reasons the judgment of conviction and sentence entered May 25, 2005, will be affirmed.