United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-11290
Summary Calendar

---

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

MICHAEL SHANNON McCOY

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-127-ALL
--------------------

Before KING, WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Michael Shannon McCoy appeals the sentence he received following his guilty-plea conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). He argues that his sentence was wrongfully enhanced based on judicially determined facts, in violation of United States v. Booker, 543 U.S. 220 (2005). Following Booker, the district court erred in imposing a four-level adjustment based on the judicial determination that McCoy's firearms possession was done

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in connection with another felony offense. 543 U.S. at 244. As McCoy preserved the issue, we review for harmless error, which requires the Government to demonstrate beyond a reasonable doubt that the district court would have imposed the same sentence if the Sentencing Guidelines had been advisory. See United States v. Pineiro, 410 F.3d 282, 284 (5th Cir. 2005).

The Government urges that the error was harmless because McCoy's criminal history score underrepresented the seriousness of his prior crimes and would be grounds for an upward departure. However, the record demonstrates that the district court declined to upwardly depart on that basis. Moreover, the fact that the court sentenced McCoy near the top of the guidelines range is insufficient to satisfy the Government's burden. See United States v. Woods, 440 F.3d 255, 260-62 (5th Cir. 2005).

The Government has failed to carry its burden of demonstrating beyond a reasonable doubt that the Booker error was harmless in the instant case. Accordingly, McCoy's sentence is VACATED, and the case is REMANDED for resentencing.