United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-11055
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NANCY GUTIERREZ SMELOSKY, also known as Nancy Smelosky,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CR-39-ALL-A
--------------------

Before REAVLEY, JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

Nancy Gutierrez Smelosky appeals the 46-month sentence
imposed following her conviction for mail fraud, relying on
United States v. Booker, 543 U.S. 220 (2005), and arguing that
her Sixth Amendment rights were violated because her sentence was
enhanced based on facts not alleged in the indictment, proved to
a jury beyond a reasonable doubt, or admitted by her. Because
Smelosky preserved the issue, we review for harmless error, which
requires the Government to demonstrate beyond a reasonable doubt

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the district court would have imposed the same sentence if the Sentencing Guidelines had been advisory. See United States v. Pineiro, 410 F.3d 282, 286 (5th Cir. 2005).

As the Government concedes, because the district court enhanced Smelosky's sentence based on its own factual determinations, the district court committed error under Booker. See Pineiro, 410 F.3d at 286. We also conclude that the error was not harmless. The fact that the court sentenced Smelosky to the maximum sentence within the guidelines range is insufficient to satisfy the Government's burden. See United States v. Woods, 440 F.3d 255, 258-59 (5th Cir. 2006). Nor are the district court's comments at sentencing addressing the issue of an upward departure sufficient to demonstrate that the Booker error was harmless. See Woods, 440 F.3d at 260-61 (rejecting Government's argument that Booker error was harmless in the light of the sentencing court's narrow rejection of an upward departure).

The Government has not satisfied its burden of demonstrating beyond a reasonable doubt that the court would have imposed the same sentence but for the Booker error. See Pineiro, 410 F.3d at 286-87. Accordingly, we vacate Smelosky's sentence and remand for resentencing.

Smelosky's arguments that a greater sentence at resentencing would implicate ex post facto and due process concerns are premature, and we do not address them. See Amar v. Whitley,

100 F.3d 22, 23 (5th Cir. 1996); In re Talbott Big Foot, Inc.,

924 F.2d 85, 87 (5th Cir. 1991).

SENTENCE VACATED; REMANDED FOR RESENTENCING.