United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30821
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

COREY DOWDEN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CR-79-2-F
--------------------

Before REAVLEY, HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Corey Dowden was convicted by a jury of conspiracy to commit mail fraud and identity theft and of two counts of mail fraud. The district court sentenced Dowden to concurrent 33-month terms of imprisonment and to concurrent three-year periods of supervised release. Dowden was ordered to pay restitution in the amount of $290,865.59. Dowden gave timely notice of his appeal.

Dowden contends that the Government failed to prove that he committed identity theft or mail fraud or that he knew that James

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Knox, his business partner, was using stolen identities to obtain loans fraudulently.  We review this question under the rational-juror standard.  See United States v. Villarreal, 324 F.3d 319, 322 (5th Cir. 2003).  Dowden must show that no reasonable juror could have found that the evidence established his guilt beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307, 319 (1979).

To prove a conspiracy under 18 U.S.C. § 371, the Government must prove beyond a reasonable doubt "(1) an agreement between two or more people, (2) to commit a crime against the United States, and (3) an overt act by one of the conspirators to further the objectives of the conspiracy." United States v. Morrow, 177 F.3d 272, 286 (5th Cir. 1999) (quotation marks omitted).  The Government need not present direct evidence of an actual agreement between the coconspirators, but a conspiracy may be inferred from circumstantial evidence.  United States v. Stephens, 964 F.2d 424, 427 (5th Cir. 1992).  Moreover, the Government need not prove that a conspirator had knowledge of all the details of the conspiracy, as long as knowledge of the essential elements of the conspiracy is proven.  United States v. Judd, 889 F.2d 1410, 1415 (5th Cir. 1989).  Mere association or presence is not by itself sufficient to prove knowing participation in a conspiracy.  United States v. Cortinas, 142 F.3d 242, 249 (5th Cir. 1998).

Knox testified that Dowden was a knowing and active participant in each of the fraudulent loan transactions and that the two men were equal partners. A reasonable juror could have believed that testimony and this court must view the evidence in the light most favorable to the Government. See Jackson, 443 U.S. at 319. Knox's testimony alone is sufficient to uphold the verdict. See United States v. Medina, 161 F.3d 867, 872-73 (5th Cir. 1998). Knox's testimony was corroborated by the testimony of the victims and other fact witnesses. We conclude that the evidence was sufficient.

Dowden contends that the district court erred by limiting his cross examination of a Government witness when it refused to permit him to show the witness Knox's photograph in response to her testimony that she had never met Knox. Dowden has not shown that the district court's ruling was clearly prejudicial. United States v. Martinez, 151 F.3d 384, 390 (5th Cir. 1998).

Dowden contends that his sentence was imposed illegally in light of United States v. Booker, 543 U.S. 220 (2005).** Because Dowden preserved this issue by invoking Blakely v. Washington, 542 U.S. 296 (2004), our review is for harmless error. See United States v. Rodriguez-Mesa, ___ F.3d ___ , 2006 WL 633280,

---

** Dowden's Booker-based challenge of the district court's restitution order is foreclosed. See United States v. Garza, 429 F.3d 165, 170 (5th Cir. 2005), cert. denied, 126 S. Ct. 1444 (2006).

*5 (5th Cir. Mar. 15, 2006) (No. 04-41757); United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005).

The district court erred in sentencing Moreno pursuant to the mandatory Sentencing Guidelines. See United States v. Woods, 440 F.3d 255, 257 (5th Cir. Feb. 13, 2006) (No. 04-11058); see also United States v. Garza-Lopez, 410 F.3d 268, 275 n.2 (5th Cir.) (when vacating a sentence due to a misapplication of the then-mandatory Guidelines, it is not necessary to address Sixth Amendment claim), cert. denied, 126 S. Ct. 298 (2005). Because the error was preserved, the Government bears the "heavy burden" of showing that the error is harmless. See Woods, 440 F.3d at 257-59. The Government has not carried its burden. A sentence at the top of the guideline range is not sufficient, without more, to show that Booker error was harmless. See id. at 258-59. Nor is the fact that the district court narrowly refused an upward departure from the guideline range. See id. at 260-61. The district court's stated reasons do not reveal whether the district court would have imposed the same sentence under an advisory guidelines regime. See id. at 262.

Although Dowden has been released from custody, his Booker-based challenge of his sentence is not moot. See United States v. Johnson, 529 U.S. 53, 60 (2000) (recognizing that trial court may modify an individual's conditions of supervised release at any time after one year under 18 U.S.C. § 3583(e)(1) if warranted by conduct of defendant and interests of justice). We neither

express nor intimate any view as to whether the terms of Dowden's supervised release should be modified.

The convictions are AFFIRMED.  The sentence is VACATED and case REMANDED FOR RESENTENCING.