**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 1, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20628
Summary Calendar

UNITED STATES OF AMERICA,

Petitioner-Appellee,

versus

JUSTIN EVERETT YOUNG,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-443-1
--------------------

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

Justin Everett Young appeals his conviction and sentence on one count of possession of cocaine with intent to distribute in violation of 18 U.S.C. § 841(a), (b); one count of possession of a firearm during a drug trafficking offense, a violation of 18 U.S.C. § 924(a)(2), (c)(1)(A); and one count of possession of a firearm by a felon, a violation of 18 U.S.C. § 922(g)(1).  For the following reasons, we affirm his convictions, but we vacate his sentence and remand for resentencing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In his first assignment of error, Young argues that the application of U.S.S.G. § 3A1.2(b)(1), which provides for a three-level increase if the defendant assaulted a law enforcement officer, constituted Sixth Amendment error in light of United States v. Booker, 543 U.S. 220 (2005). We agree. We reject the Government's argument that Young admitted the facts supporting the enhancement and, therefore, there was no Sixth Amendment Booker error. Young made no statements admitting that he knew or had reason to believe that the officer was a law enforcement officer. To the contrary, he repeatedly denied such assertions. As the district court applied the § 3A1.2(b)(1) enhancement based on facts that were neither admitted by Young nor found by a jury beyond a reasonable doubt, the district court committed Sixth Amendment error. See United States v. Pineiro, 410 F.3d 282, 284 (5th Cir. 2005). Moreover, even absent the Sixth Amendment error, the mandatory application of the Guidelines was "Fanfan" error, which Young preserved. See United States v. Rodriguez-Mesa, __ F.3d __, No. 04-41757, 2006 WL 633280, at *5 (5th Cir. Mar. 15, 2006).

We further conclude that the Government has failed to carry its burden of demonstrating that the error was harmless beyond a reasonable doubt. See Pineiro, 410 F.3d at 286. The imposition of a sentence at the top of the applicable guidelines range, without more, is insufficient to show that the district court would have imposed the same sentence under an advisory guidelines regime. United States v. Woods, 440 F.3d 255, 258-59 (5th Cir. 2006). The

fact that the district court imposed a consecutive sentence for Young's firearms conviction likewise sheds no light on this issue as the district court was required by statute to order the sentences to run consecutively. See id.; 18 U.S.C. § 924(c)(1)(A)(i).

Young's challenges to 21 U.S.C. §§ 841(a) and (b) and to his conviction for possession of a firearm by a felon under 18 U.S.C. § 922(g)(1) are foreclosed by circuit precedent. See United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000); United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001); United States v. Gresham, 118 F.3d 258, 264-65 (5th Cir. 1997); United States v. Kuban, 94 F.3d 971 (5th Cir. 1996). Young concedes as much but raises these arguments to preserve them for further review.

For the foregoing reasons, we AFFIRM Young's conviction, but we VACATE his sentence and REMAND for resentencing.