**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Leonardo DELGADO–CASTILLO, also known as Juan Ruiz–Castillo,**
**Defendant–Appellant.**

No. 05–40016
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 10, 2006.

James Lee Turner, Assistant U.S. Attorney, Mitchel Neurock, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM: *

Leonardo Delgado–Castillo appeals his conviction and sentence for unlawful presence in the United States after deportation following an aggravated felony conviction. He raises three issues in this appeal.

First, Delgado–Castillo argues that his sentence is unconstitutional under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because it was imposed pursuant to a mandatory application of the United States Sentencing Guidelines. He thus alleges a *"Fanfan"* error. *See United States v. Walters*, 418 F.3d 461, 463 (5th Cir.2005). *Fanfan* error is not a structural error. *Id.* However, the Government concedes that the *Fanfan*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

error was preserved, so we review for harmless error. *See id.*

A sentence at the top of the guideline range alone is insufficient to establish that the Fanfan error was harmless. *See United States v. Woods,* 440 F.3d 255, 258–59 (5th Cir.2006). The record fails to demonstrate beyond a reasonable doubt that the district court would have imposed the same sentence under the post-*Booker* advisory sentencing regime. *See Walters,* 418 F.3d at 464. We therefore vacate Delgado–Castillo's sentence and remand for resentencing in accordance with *Booker. See id.* at 466.

Second, Delgado–Castillo argues that his base offense level was erroneously enhanced eight levels pursuant to U.S.S.G. § 2L1.2(b)(1)(C). He contends that the enhancement was improper because his state felony conviction for simple possession of cocaine was a misdemeanor under federal law, not an "aggravated felony." Delgado–Castillo acknowledges that this court's decisions in *United States v. Rivera,* 265 F.3d 310, 312–13 (5th Cir.2001), and *United States v. Hinojosa–Lopez,* 130 F.3d 691, 693–94 (5th Cir.1997), mandate the result reached by the district court; however, he contends that these holdings are contrary to the Supreme Court's decision in *Jerome v. United States,* 318 U.S. 101, 104–07, 63 S.Ct. 483, 87 L.Ed. 640 (1943). Having preceded *Hinojosa–Lopez, Jerome* is not "an intervening Supreme Court case explicitly or implicitly overruling that prior precedent." *See United States v. Short,* 181 F.3d 620, 624 (5th Cir.1999). Delgado–Castillo has not shown that the district court erred by classifying his possession conviction as an aggravated felony for purposes of the eight-level enhancement under § 2L1.2(b)(1)(C).

Third, Delgado–Castillo argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of *Apprendi v.* *New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Delgado–Castillo's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Delgado–Castillo contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Delgado–Castillo properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.