United States Court of Appeals
Fifth Circuit

**F I L E D**

May 10, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

—————————

No. 04-11064
Summary Calendar

—————————

**UNITED STATES OF AMERICA,**

Plaintiff-Appellee,

versus

**CALLISTUS CHINEDU ORISAKWE, also known as Hollywood,**

Defendant-Appellant.

—————————

**Appeal from the United States District Court
for the Northern District of Texas
(3:02-CR-93-ALL-P)**

—————————

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Callistus Chinedu Orisakwe appeals the sentence imposed for his conviction on one count of possession of stolen mail, in violation of 18 U.S.C. § 1708. He presents two claims.

First, he maintains the district court's loss calculation violated the Sixth Amendment rule of ***United States v. Booker***, 543 U.S. 220 (2005): any fact other than the existence of a prior conviction that increases a defendant's sentence beyond the maximum

—————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

established by his guilty plea must either be admitted by him or proved to the jury beyond a reasonable doubt.  Orisakwe preserved this issue by objecting under **Blakely v. Washington**, 542 U.S. 296 (2004); therefore, we review for harmless error, which requires the Government to demonstrate beyond a reasonable doubt that the district court would have imposed the same sentence under advisory guidelines.  *See* **United States v. Pineiro**, 410 F.3d 282, 284 (5th Cir. 2005).

In the light of **Booker**, the loss calculation constitutes error that was *not* harmless.  *See* *id.* at 286.  The court's sentencing Orisakwe to the maximum sentence within the guidelines range is insufficient to satisfy the Government's burden.  *See* **United States v. Woods**, 440 F.3d 255, 258-59 (5th Cir. 2006).  Its contention that the court *could* have imposed the same sentence likewise fails to show it *would* have done so but for the **Booker** error. Accordingly, we vacate and remand for resentencing.

Orisakwe also contends his Fifth and Sixth Amendment rights to due process and to confront adverse witnesses were violated when, in assessing Orisakwe's guideline sentence, the district court relied on out-of-court testimonial statements. Citing, among other cases, **United States v. Navarro**, 169 F.3d 228, 236 (5th Cir.), *cert. denied*, 528 U.S. 845 (1999), Orisakwe acknowledges this court has "held that a defendant's right to confrontation at sentencing is severely restricted".  Nevertheless, he suggests this precedent

2

is suspect in the light of, *inter alia*, **Crawford v. Washington**, 541 U.S. 36 (2004). To the extent the issue is deemed foreclosed, Orisakwe seeks to preserve it for further review.

"[T]here is no Confrontation Clause right at sentencing". **Navarro**, 169 F.3d at 236. Nothing in **Crawford** provides its holding is applicable to sentencing proceedings. Accordingly, this **Crawford**-based contention is foreclosed.

***CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING***