United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 10, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40016
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LEONARDO DELGADO-CASTILLO, also known as Juan Ruiz-Castillo,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1520-ALL
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Leonardo Delgado-Castillo appeals his conviction and

sentence for unlawful presence in the United States after

deportation following an aggravated felony conviction.  He raises

three issues in this appeal.

    First, Delgado-Castillo argues that his sentence is

unconstitutional under United States v. Booker, 543 U.S. 220

(2005), because it was imposed pursuant to a mandatory

application of the United States Sentencing Guidelines.  He thus

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alleges a "Fanfan" error.  See United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005).  Fanfan error is not a structural error.  Id.  However, the Government concedes that the Fanfan error was preserved, so we review for harmless error.  See id.

A sentence at the top of the guideline range alone is insufficient to establish that the Fanfan error was harmless.  See United States v. Woods, 440 F.3d 255, 258-59 (5th Cir. 2006).  The record fails to demonstrate beyond a reasonable doubt that the district court would have imposed the same sentence under the post-Booker advisory sentencing regime.  See Walters, 418 F.3d at 464.  We therefore vacate Delgado-Castillo's sentence and remand for resentencing in accordance with Booker.  See id. at 466.

Second, Delgado-Castillo argues that his base offense level was erroneously enhanced eight levels pursuant to U.S.S.G. § 2L1.2(b)(1)(C).  He contends that the enhancement was improper because his state felony conviction for simple possession of cocaine was a misdemeanor under federal law, not an "aggravated felony."  Delgado-Castillo acknowledges that this court's decisions in United States v. Rivera, 265 F.3d 310, 312-13 (5th Cir. 2001), and United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997), mandate the result reached by the district court; however, he contends that these holdings are contrary to the Supreme Court's decision in Jerome v. United States, 318 U.S. 101, 104-07 (1943).  Having preceded Hinojosa-Lopez, Jerome is not "an intervening Supreme Court case

explicitly or implicitly overruling that prior precedent." See United States v. Short, 181 F.3d 620, 624 (5th Cir. 1999). Delgado-Castillo has not shown that the district court erred by classifying his possession conviction as an aggravated felony for purposes of the eight-level enhancement under § 2L1.2(b)(1)(C).

Third, Delgado-Castillo argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Delgado-Castillo's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Delgado-Castillo contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Delgado-Castillo properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.