United States Court of Appeals
Fifth Circuit

**F I L E D**

May 23, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-11291
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACK EDWARD BALL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-93-ALL-P
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jack Edward Ball appeals the sentence imposed following his guilty-plea conviction for two counts of theft or receipt of stolen mail matter, arguing that it violates the Sixth Amendment rule announced in Blakely v. Washington, 542 U.S. 296 (2004). Ball's Blakely objection in the district court preserved whether Ball's sentence violated United States v. Booker, 543 U.S. 220 (2005), for appeal. Accordingly, we review for harmless error, which requires a showing beyond a reasonable doubt that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court would have imposed the same sentence if it had been operating under an advisory guidelines system.  See United States v. Pineiro, 410 F.3d 282, 284 (5th Cir. 2005).

Our review of the record convinces us that the error in this case cannot be considered harmless.  Although the district court sentenced Ball at the top of the guideline range authorized by the then-mandatory guidelines range, that fact is insufficient, standing alone, to satisfy the Government's burden.  See United States v. Woods, 440 F.3d 255, 258-59 (5th Cir. 2006).  The district court's comments about the seriousness of Ball's offense and the impact of his offense shed no additional light on what the court would have done if the Guidelines had been advisory; they may simply reflect why the court believed the sentence was appropriate within the mandatory guidelines framework.  Cf. United States v. Garza, 429 F.3d 165, 170 (5th Cir. 2005), cert. denied, 126 S. Ct. 1444 (2006).

Ball has abandoned on appeal his challenge to the district court's calculation of his criminal history score.  See United States v. Valdiosera-Godinez, 932 F.2d 1093, 1099 (5th Cir. 1991).

SENTENCE VACATED; REMANDED FOR RESENTENCING.