United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 16, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-41730
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

MARIO HUMBERTO VASQUEZ-CASTANEDA

Defendant - Appellant

_____

Appeal from the United States District Court
for the Southern District of Texas
No. 2:04-CR-301-ALL

_____

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Defendant-appellant Mario Humberto Vasquez-Castaneda appeals

the sentence imposed as a result of his guilty plea to one count

of being unlawfully present in the United States following

deportation in violation of 8 U.S.C. § 1326(a), (b).  For the

following reasons, we VACATE Vasquez's sentence and REMAND for

resentencing in light of the Supreme Court's decision in <u>United</u>

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

-1-

States v. Booker, 543 U.S. 220 (2005).

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On July 16, 2004, Mario Humberto Vasquez-Castaneda ("Vasquez") pleaded guilty without the benefit of a plea agreement to one count of being present in the United States following deportation in violation of 8 U.S.C. § 1326(a), (b). The presentence report ("PSR") assessed a based offense level of eight under U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(a) (2004) [hereinafter U.S.S.G.], recommended a twelve-level increase under U.S.S.G. § 2L1.2(b)(1)(B) based on two previous drug trafficking convictions, and recommended a three-level decrease for acceptance of responsibility under U.S.S.G. § 3E1.1, yielding a total offense level of seventeen. With a criminal history category of IV, Vasquez's applicable guideline range was thirty-seven to forty-six months imprisonment followed by two to three years of supervised release.

Vasquez objected to the PSR, asserting that the twelve-level enhancement and his criminal history could not be considered in light of Blakely v. Washington, 542 U.S. 296 (2004), because his prior convictions were not authorized by a jury verdict. He also contended that Almendarez-Torres v. United States, 523 U.S. 224 (1997), was wrongly decided and should be overruled. The district court adopted the recommendations in the PSR over Vasquez's objections and sentenced Vasquez to forty-three months

in prison followed by three years of supervised release.  The criminal judgment was entered on November 2, 2004.

On December 9, 2004, Vasquez submitted a pro se hand-written letter to the clerk of the district court, asking whether a timely notice of appeal had been filed by counsel consistent with his desire to appeal the judgment imposing his sentence.[1] See R. at 10.  A defendant in a criminal case must file a notice of appeal within ten days of entry of the judgment.  FED. R. APP. P. 4(b)(1)(A).  Because the district court entered judgment on November 2, 2004, the final day for filing a timely notice of appeal was November 17, 2004.  FED. R. APP. P. 26(a)(2).  On February 11, 2005, this court remanded to the district court for a determination of whether the untimely filing of the notice of appeal was due to excusable neglect or good cause.  See FED. R. APP. P. 4(b)(4) (allowing the district court to extend the time to file a notice of appeal for "a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)").  On March 15, 2005, the district court found good cause for granting Vasquez's request for an extension of time to file a notice of appeal based on the totality of the record.  Because the district court deemed Vasquez's notice of appeal to be

---

[1]  Although Vasquez was represented by counsel during his proceedings before the district court, he appears pro se before this court on appeal.  On remand, the district court may wish to inquire whether Vasquez wants counsel in connection with his resentencing.

effective, we now turn to the merits of his appeal.

## II.  STANDARD OF REVIEW

Although the parties appear to agree that this court should review the case for plain error, this court is not bound by the parties' assertion of the appropriate standard of review.  See United States v. Vonsteen, 950 F.2d 1086, 1091 (5th Cir. 1992) (en banc) ("No party has the power to control our standard of review. . . . If neither party suggests the appropriate standard, the reviewing court must determine the proper standard on its own[.]").  It is undisputed that Vasquez raised a challenge under Blakely v. Washington, 542 U.S. 296 (2004), to the calculation of his sentence under the Sentencing Guidelines.  We have previously held that such an objection preserves a Booker or Fanfan error.  See United States v. Rodriquez-Mesa, 443 F.3d 397, 404 (5th Cir. 2006) (noting that raising a Blakely objection in the district court preserves Booker or Fanfan error on appeal).  We have determined that the claim preserved here is more properly characterized as Fanfan error, as opposed to Booker error.  See United States v. Robles-Vertiz, 442 F.3d 350, 352 n.4 (5th Cir. 2006) ("This case presents what we have termed Fanfan error because the district court sentenced [the defendant] pursuant to a mandatory guidelines system.") (citing United States v. Walters, 418 F.3d 461, 463-64 (5th Cir. 2005)).[2]  When there is a

_____

[2]  As in Robles-Vertiz, it is clear that there was no "Booker" error or Sixth Amendment violation in this case because

-4-

preserved <u>Fanfan</u> claim, as here, "the only question is whether the government has met its burden to show harmless error beyond a reasonable doubt in the imposition of [the defendant's] sentence."  <u>Walters</u>, 418 F.3d at 464; <u>see also</u> <u>Rodriquez-Mesa</u>, 443 F.3d at 404.  Unless the government meets its burden under the harmless error analysis, this court will "ordinarily vacate the sentence and remand" if the defendant preserved his <u>Fanfan</u> claim in the district court.  <u>United States v. Mares</u>, 402 F.3d 511, 520 n.9 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 43 (2005).

### III.  DISCUSSION

Vasquez argues that the district court erred in sentencing him under a mandatory guidelines regime, in violation of <u>United States v. Booker</u>, 543 U.S. 220 (2005).  For reasons not entirely clear from the record, however, Vasquez specifically declined to order a transcript of his sentencing proceedings for this appeal.[3]  R. at 20; <u>see also</u> FED. R. APP. P. 10(b)(1)(b) (providing that the appellant may, in lieu of ordering a transcript from the reporter, "file a certificate stating that no transcript will be

---

the only enhancement to the sentence was for Vasquez's prior drug trafficking convictions.  <u>See</u> <u>Robles-Vertiz</u>, 442 F.3d at 352, n.4; <u>see also</u> <u>Booker</u>, 543 U.S. at 224 (reaffirming that "[a]ny fact (<u>other than a prior conviction</u>) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt") (emphasis added).

[3]  It is not clear whether Vasquez was aware of his right to transcripts at the government's expense when he proceeded pro se and in forma pauperis on appeal.  <u>See</u> 28 U.S.C. § 753(f).

ordered"). The government could have moved to supplement the record on appeal with a copy of the sentencing transcript even though Vasquez had failed to request it. See FED. R. APP. P. 10(e)(2) (stating that the parties can stipulate to a supplemental record if relevant material to either party was omitted "by error or accident"). Instead, the government, operating under the erroneous belief that Vasquez had not preserved his Fanfan error by raising a Blakely objection before the district court, contends that Vasquez cannot identify "an indication in the record from the judge's remarks or otherwise that the judge would have reached a different conclusion in an advisory regime" under the plain error standard of review. Gov't Br. at 7. Under the harmless error analysis applied to preserved Fanfan errors, however, we have previously rejected this argument because it is the government that must meet its burden of demonstrating that the district court would have imposed the same sentence even under an advisory guidelines regime.

> Although this argument would be persuasive under plain-error review, this argument fails to show that the preserved error was harmless. It is the government that must show that the sentencing judge would have imposed the same sentence under an advisory sentencing scheme. The judge's silence as to whether or not he would have imposed a different sentence under an advisory regime does not satisfy this burden. If we were to accept this argument to find that the error was harmless, we would effectively be relieving the government of its burden and placing it on the defendant.

United States v. Pineiro, 410 F.3d 282, 286 (5th Cir. 2005); see also United States v. Woods, 440 F.3d 255, 261 (5th Cir. 2006)

("[The defendant's] inability to point to evidence in the record that the district court would have imposed a different sentence is irrelevant under harmless error analysis.  Because it is unclear whether the district court would have imposed the <u>same</u> sentence, the error cannot be considered harmless.").[4]  Accordingly, we conclude that the government has not met its burden of proving harmless error beyond a reasonable doubt.

Vasquez also challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  As Vasquez's concedes in his brief, this argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998), in which the Supreme Court held that treatment of prior convictions as sentencing factors under § 1326(b)(1) and (2) was constitutional.  "This court has repeatedly rejected arguments like the one made by [Vasquez] and has held that <u>Almendarez-Torres</u> remains binding despite

_____

[4]  We similarly reject the government's implication that the district court's imposition of a sentence in the middle of the guidelines range somehow satisfies its burden of demonstrating harmless error beyond a reasonable doubt.  <u>Cf.</u> <u>United States v. Garza</u>, 429 F.3d 165, 170-71 (5th Cir. 2005) (noting, in a case reviewing an unpreserved <u>Booker</u> error under a plain error standard of review, that "this Circuit has rejected the claim that a court's decision to sentence in the middle of a Guidelines range establishes <u>Booker</u> error as harmless") (citing <u>United States v. Yancey</u>, 2005 WL 1608590, at *1 (5th Cir. July 11, 2005) (unpublished) (per curiam); <u>United States v. Benavides</u>, 2005 WL 2055884, at *1 (5th Cir. Aug. 26, 2005) (unpublished)).

*Apprendi*." United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). We therefore decline to address this issue at any greater length on this appeal.

**IV. CONCLUSION**

For the foregoing reasons, we VACATE Vasquez's sentence and REMAND for resentencing under the advisory guidelines regime.