**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-5039

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MACK DANIEL BARTON,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Frank W. Bullock, Jr., Senior District Judge. (CR-05-100)

Submitted: May 18, 2006                    Decided: May 26, 2006

Before WIDENER and WILKINSON, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, William C. Ingram, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Mack Daniel Barton pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000) (Count One), possession of 8.4 grams of cocaine base (crack) with intent to distribute, 21 U.S.C.A. § 841(a), (b)(1)(B) (West 1999 & Supp. 2005) (Count Three), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2005) (Count Six). Barton was sentenced to a term of seventy-eight months imprisonment, with a consecutive five year sentence for the § 924(c) offense. He argues on appeal that his sentence violates the Fifth and Sixth Amendments because the district court assessed criminal history points for certain prior criminal sentences, and another two points because he was on probation when he committed the instance offenses, although the supporting facts were not charged in the indictment or admitted by him. We affirm.

Barton did not dispute the fact of his prior convictions or the sentences he received, nor the fact that he was on probation when he committed the instant offenses. The fact of a prior conviction need not be proven beyond a reasonable doubt. Almendarez-Torres v. United States, 523 U.S. 224, 233-36, 243-44 (1998); United States v. Cheek, 415 F.3d 349, 351-54 (4th Cir.) (reaffirming continuing validity of Almendarez-Torres after United States v. Booker, 543 U.S. 220 (2005)), cert. denied, 126 S. Ct. 640 (2005). Thus the district court was not required to make any

- 2 -

factual findings concerning Barton's prior record or his status at the time of the instant offenses, but could rely on "the conclusive significance" of his record, see Shepard v. United States, 544 U.S. 13, 25 (2005), as set out in the presentence report.  See United States v. Thompson, 421 F.3d 278, 285 (4th Cir. 2005) (sentencing judge entitled to rely on undisputed information in presentence report that "bears the earmarks of derivation from Shepard-approved sources such as the indictments and state-court judgments from [defendant's] prior convictions"), cert. denied, 126 S. Ct. 1463 (2006).  Therefore, we conclude that the district court did not violate Barton's Fifth or Sixth Amendment rights when it considered his legal status and prior convictions in determining his sentence and that the sentence was reasonable.

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED