United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 25, 2006**

Charles R. Fulbruge III
Clerk

*In the United States Court of Appeals*

*for the Fifth Circuit*

No. 04-51314

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

PABLO CORDERO, also known as Pablo Cordero Jr.,

        Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 5:03-CR-00473

Before JOLLY, PRADO and OWEN, Circuit Judges.

PRISCILLA R. OWEN, Circuit Judge:

Pablo Cordero challenges his conviction and sentence for unlawful possession of a firearm, claiming (1) evidence was seized pursuant to a search warrant issued without probable cause; (2) he was entitled to an acceptance-of-responsibility reduction at sentencing; and (3) the district court violated *United States v. Booker*[1] by enhancing his sentence based on a judicial determination that he committed the instant offense while on

---

[1] 543 U.S. 220 (2005).

probation. We reject these arguments, with one exception. We conclude the district court erred in sentencing Cordero under a mandatory sentencing guidelines regime. Therefore, Cordero's sentence is vacated and the case is remanded for resentencing.

**I**

Pablo Cordero was charged with violating 18 U.S.C. § 922(g)(1), which prohibits possession of a firearm by a convicted felon. The charge was filed after state law enforcement officers seized firearms from Cordero's residence pursuant to a state search warrant. The warrant was issued based on a county deputy's affidavit in which he testified that he had received information "from a credible and reliable person . . . concerning narcotics being possessed . . . by Pablo Cordero."

According to the affidavit, the informant had recently observed cocaine in Cordero's possession. The informant also claimed Cordero transported cocaine using a vehicle described in the affidavit. As support for these statements, the informant gave the address and described the outer premises of the residence where the cocaine was reportedly observed. The deputy's affidavit further stated that the informant had "demonstrated his/her ability to identify Cocaine and the paraphernalia related to its ingestion, packaging, and sale." The informant's identity was not disclosed because it "would be dangerous to the informant's safety and might also jeopardize future investigations," but the deputy stated that he personally investigated the informant's claims by visiting the residence and confirming that the residence was "accurately described." The deputy also learned that Cordero listed

2

the same address as his residence on his state identification card and that he had a "sheriff identification number."

Based on the foregoing information, the deputy requested a search warrant from a state magistrate. The magistrate did not ask the deputy to elaborate on the information recited in the affidavit, but only asked whether the affidavit was true and correct. When the deputy responded in the affirmative, the magistrate signed the search warrant. The warrant authorized a search for cocaine and, among other things, handguns and other weapons.

When the search of Cordero's residence was executed, the state law enforcement officers found several firearms. Cordero was subsequently charged with violating 18 U.S.C. § 922(g)(1). Cordero sought to suppress the evidence, arguing in part that the search warrant was not supported by probable cause. The motion to suppress was denied, and following a bench trial, Cordero was convicted.

Cordero was sentenced before the Supreme Court issued its opinion in *Booker* but after the Supreme Court issued its opinion in *Blakely v. Washington.*[2] At sentencing, Cordero objected to a two-point enhancement for committing the offense while on probation, arguing that, under *Blakely*, he was entitled to a jury determination of that issue. Cordero also sought a two-point reduction for acceptance of responsibility. Both arguments were rejected, and Cordero was sentenced to 41 months imprisonment and three years of supervised release, which was the maximum sentence available under the applicable

---

[2]542 U.S. 296 (2004).

3

guideline range.

On appeal, Cordero raises the same arguments he made in the district court. He argues that the evidence seized from his residence should have been suppressed because there was insufficient probable cause for the search warrant. He also contends that the district court erroneously refused a two-point reduction for acceptance of responsibility and erroneously enhanced his criminal history points based on a judicial determination that he was on probation when he committed the instant offense.

**II**

We first consider whether evidence obtained as a result of the search warrant should have been suppressed. When reviewing a district court's denial of a motion to suppress, we review conclusions of law *de novo* and findings of fact for clear error.[3] When probable cause is at issue, we apply a two-step process.[4] First, we determine whether the good-faith exception to the exclusionary rule applies.[5] Second, if the good-faith exception does not apply, we determine whether the magistrate had a substantial basis for concluding that probable cause existed.[6]

The good-faith exception to the exclusionary rule was established in *United States v.*

---

[3]*United States v. Gibbs*, 421 F.3d 352, 356-57 (5th Cir. 2005).

[4]*United States v. Cavazos*, 288 F.3d 706, 709 (5th Cir. 2002).

[5]*Id.*

[6]*Id.*

*Leon*.[7] In *Leon*, the Supreme Court held that the Fourth Amendment does not require the suppression of evidence obtained as a result of "objectively reasonable reliance" on a warrant, even if the warrant is subsequently invalidated.[8] Yet there are circumstances in which "the officer will have no reasonable grounds for believing that the warrant was properly issued."[9] For example, the good-faith exception does not apply when the warrant is "based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."[10]

In this case, the parties dispute whether the affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." We conclude that the affidavit is not so "bare bones" that the good-faith exception is inapplicable.[11] The deputy's affidavit alleges recent, personal observation of cocaine in Cordero's residence by an informant who "ha[d] demonstrated his/her ability to identify Cocaine" and related paraphernalia. The informant also identified the residence, car, and "outer premises," and this information was confirmed by the deputy. Thus, according to the affidavit, the deputy tested the informant's reliability both as to his or her ability to identify

---

[7]468 U.S. 897, 922-23 (1984).

[8]*Id.* at 922; *see also United States v. Cherna*, 184 F.3d 403, 407 (5th Cir. 1999) (interpreting *Leon*).

[9]*Leon*, 468 U.S. at 922-23 (footnote omitted).

[10]*Id.* at 923 (internal quotation marks and citations omitted).

[11]*United States v. Barrington*, 806 F.2d 529, 531-32 (5th Cir. 1986).

cocaine and as to the details of the location where the cocaine was reportedly observed. Given the informant's report of recent, personal observation of cocaine, the informant's demonstrated ability to identify cocaine, the premises details conveyed to the deputy, and the deputy's successful efforts at corroboration, we conclude that the good-faith exception to the exclusionary rule applies.[12]

Cordero argues that even if the federal good-faith exception applies, the evidence must be suppressed under state law. Cordero's argument lacks merit. "The exclusionary rule was created to discourage violations of the Fourth Amendment, not violations of state law."[13] "The question that a federal court must ask when evidence secured by state officials is to be used as evidence against a defendant accused of a federal offense is whether the actions of the state officials in securing the evidence violated the Fourth Amendment to the United States Constitution."[14] As we have already determined, the state law enforcement officers did not violate the Fourth Amendment when they obtained the evidence against Cordero. Therefore, the evidence was properly admitted, and Cordero's conviction is affirmed.

---

[12]*Cf. id.* (refusing to apply the good-faith exception to an affidavit providing only "that Captain Solomon 'received information from a confidential informant' who is 'known to Captain Phil Solomon and has provided information in the past that has led to arrest and convictions'").

[13]*United States v. Walker*, 960 F.2d 409, 415 (5th Cir. 1992).

[14]*Id.*

**III**

We now turn to Cordero's sentence.  Cordero argues he is entitled to a two-point reduction for acceptance of responsibility.  A "district court's determination as to whether a defendant has accepted responsibility is afforded great deference on review" and is reviewed under a standard that is even "more deferential than a pure clearly erroneous standard."[15]  The defendant has the burden of proving entitlement to an acceptance-of-responsibility reduction.[16]

Under § 3E1.1(a) of the applicable Federal Sentencing Guidelines, the defendant's offense level can be decreased by two levels "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense."[17]  "This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse."[18]  But a defendant who proceeds to trial is not automatically precluded from receiving the acceptance-of-responsibility reduction:

> In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial.  This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g.,

---

[15]*United States v. Ragsdale*, 426 F.3d 765, 781 (5th Cir. 2005) (internal quotation marks and citation omitted), *cert. denied*, 126 S. Ct. 1405 (2006), *and cert. denied*, 126 S. Ct. 1417 (2006).

[16]*Id.*

[17]U.S. SENTENCING GUIDELINES MANUAL § 3E1.1(a) (2003).

[18]*Id.* § 3E1.1 cmt. n.2.

7

to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.[19]

In this case, Cordero argues that although he sought to suppress the evidence against him, he is entitled to an acceptance-of-responsibility reduction. Cordero relies on *United States v. Washington*.[20] In *Washington*, this court held that a defendant may seek to suppress evidence and still receive a reduction for acceptance of responsibility.[21] When the defendant challenges the manner in which the evidence was obtained, but not "the existence or credibility of the evidence itself," an acceptance-of-responsibility reduction may be appropriate.[22]

But in *Washington*, this court was not writing on a clean slate. Previously, in *United States v. Maldonado*, this court refused to require a two-point reduction for acceptance of responsibility when the defendant's "only practical defense was to challenge the admissibility of the heroin."[23] *Maldonado* was not overruled in *Washington*, but distinguished on two bases: in *Washington*, the defendant "stipulated to all of the facts

---

[19]*Id.*

[20]340 F.3d 222 (5th Cir. 2003).

[21]*Id.* at 230.

[22]*Id.* at 229.

[23]42 F.3d 906, 914 (5th Cir. 1995).

necessary for his conviction" and the district court "partly conditioned acceptance of responsibility on waiving appeal of the suppression issue."[24]

In this case, unlike in *Washington*, Cordero did not stipulate "to all the evidence necessary for the conviction prior to the bench trial."[25] Instead, he "put[] the government to its burden of proof."[26] Cordero refused to stipulate to the third element–that he knowingly possessed the firearm–ostensibly to avoid waiving the suppression issue. In addition, Cordero did not stipulate to the interstate-commerce element until the government called its witness at trial and the court asked whether the element was in dispute. Finally, Cordero moved for a judgment of acquittal at the end of the trial "on the grounds that the Government . . . failed to prove its case beyond a reasonable doubt."

In addition, unlike the defendant in *Washington*, Cordero could have received the acceptance-of-responsibility reduction without waiving appeal of the suppression issue. Cordero was offered a conditional plea agreement, under which he could have received an acceptance-of-responsibility reduction while preserving appeal of the suppression issue. Cordero rejected the plea agreement because it also waived appeal of any sentencing error, which Cordero argued was unacceptable. But even if Cordero found the plea agreement unacceptable, no evidence suggests Cordero had to accept the agreement the prosecution

---

[24]*Washington*, 340 F.3d at 230.

[25]*Cf. id.* at 228.

[26]U.S.S.G. § 3E1.1 cmt. n.2.

9

offered to preserve appeal of the suppression issue.[27] Cordero presents no evidence that he could not enter a conditional plea under Federal Rule of Criminal Procedure 11(a)(2), which allows a defendant to plead guilty while preserving the right to appeal issues raised in pretrial motions.[28]

Under these circumstances, Cordero has not proven his entitlement to an acceptance-of-responsibility reduction. The district court did not abuse its discretion in failing to award an acceptance-of-responsibility reduction.

**IV**

Cordero also claims the district court committed *Booker* error by finding that he committed the instant offense while on probation and sentencing him under a mandatory guidelines system. Cordero preserved his claim of *Booker* error by raising a *Blakely* objection in the district court.[29] Therefore, the harmless-error standard applies.[30] Under this standard, error is deemed harmful unless the government proves beyond a reasonable doubt that the error did not contribute to the sentence imposed.[31]

---

[27]*See* FED. R. CRIM. P. 11(a)(2) ("With the consent of the court and the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion. A defendant who prevails on appeal may then withdraw the plea.").

[28]*Id.*

[29]*See United States v. Treft*, 447 F.3d 421, 425 (5th Cir. 2006), *petition for cert. filed*, __ U.S.L.W. __ (U.S. July 31, 2006) (No. 06-5719).

[30]*Id.*

[31]*United States v. Woods*, 440 F.3d 255, 257 (5th Cir. 2006).

10

Cordero's criminal history category was increased by two points after the district court found, based on information in the presentence report, that Cordero committed the offense while on probation. Cordero claims this is error under *Booker*, but "the fact of a prior conviction,"[32] and related facts such as the timing of the conviction and the type and length of sentence imposed,[33] may be judicially found at sentencing.

We agree, however, that Cordero's sentence must be vacated because he was sentenced under the then-mandatory sentencing guidelines regime. The government has not established beyond a reasonable doubt that the sentence imposed would have been the same if the guidelines were not mandatory.[34] Indeed, the judge said he would reconsider Cordero's sentence if the Supreme Court applied *Blakely* to the Federal Sentencing Guidelines. Therefore, harmful error has been established under our precedents.

---

[32]*See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

[33]*See, e.g., United States v. Fagans*, 406 F.3d 138, 141-42 (2d Cir. 2005) (holding the district court did not commit *Booker* error by finding the offense was committed while the defendant was on probation); *United States v. Barton*, No. 05-5039, 2006 WL 1476912, at *1 (4th Cir. May 26, 2006) (same); *United States v. McGhee*, 161 Fed. Appx. 441, 450 (6th Cir. 2005) (same); *United States v. Connelly*, 142 Fed. Appx. 951, 953 (8th Cir. 2005) (same); *United States v. Corchado*, 427 F.3d 815, 820 (10th Cir. 2005) (same), *cert. denied*, 126 S. Ct. 1811 (2006).

[34]*See Woods*, 440 F.3d at 258-59 (holding that *Booker* error is not harmless solely because a sentence was imposed at the top of a guidelines range); *United States v. Garza*, 429 F.3d 165, 170 (5th Cir. 2005) (noting the limited circumstances under which harmless error has been shown), *cert. denied*, 126 S. Ct. 1444 (2006).

* * * *

For these reasons, we AFFIRM Cordero's conviction but VACATE his sentence and REMAND the case to the district court for resentencing.