IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-10420
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

KENNETH EARL PERKINS

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-52-ALL

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Kenneth Earl Perkins was found guilty by a jury of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922 (g)(1) & 924(a)(2) after police recovered three guns from his vehicle during a traffic stop. The district court imposed a 110-month sentence to be followed by two years of supervised release. Perkins has appealed his conviction and sentence.

Perkins contends that the evidence is not sufficient to support the jury's verdict. As Perkins failed to move for judgment of acquittal at the close of the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence, our review is limited to whether there has been a "manifest miscarriage of justice," which occurs only when the record is devoid of evidence of guilt or when the evidence on a key element of the offense is so tenuous that a conviction would shock the conscience. See United States v. Smith, 203 F.3d 884, 887 (5th Cir. 2000). To find Perkins guilty, the jury had to conclude that the government proved beyond a reasonable doubt that Perkins had previously been convicted of a felony and had knowingly possessed a firearm that was in or affected interstate commerce. See United States v. Guidry, 406 F.3d 314, 318 (5th Cir. 2005); § 922(g)(1). Perkins's assertion that there was no quantifiable evidence establishing that the firearms affected interstate commerce is foreclosed by our precedent to the effect that evidence that a weapon was manufactured in one state and possessed in another state is sufficient for the interstate commerce element to sustain a conviction under § 922(g). See Guidry, 406 F.3d at 318.

Regarding his sentence, Perkins contends that the district court erred in denying him a reduction in offense level for acceptance of responsibility. Whether a defendant has accepted responsibility for a crime is a factual question, so we review the sentencing court's finding for clear error. See United States v. Outlaw, 319 F.3d 701, 705 (5th Cir. 2003). We will not disturb a ruling on acceptance of responsibility unless it is shown to be without foundation. See United States v. Washington, 340 F.3d 222, 227 (5th Cir. 2003). Perkins did not admit to all of the elements necessary to establish his offense, so the government was put to the burden of proving that he possessed the firearms and that the firearms were in or affected interstate commerce. Under these circumstances, the district court did not err in denying Perkins credit for acceptance of responsibility. See United States v. Cordero, 465 F.3d 626, 631-32 (5th Cir. 2006).

Perkins also claims that he should be resentenced pursuant to United States v. Booker, 543 U.S. 220 (2005). As Perkins did not object to the application of the mandatory Guidelines during the sentencing hearing, therefore we review his claim for plain error only. See United States v. Villegas, 404 F.3d 355, 358 (5th Cir. 2005); FED. R. CRIM. P. 52(b). The district court sentenced Perkins to the minimum sentence under the Guidelines; however, that fact alone is not enough to indicate that the court would have reached a different conclusion under an advisory scheme. See United States v. Bringier, 405 F.3d 310, 317-18 & n.4 (5th Cir. 2005). The record is silent as to the court's opinion on the need for a below-guidelines punishment. Perkins has failed to establish that the district court would have imposed a lesser sentence under an advisory guidelines scheme. See id. Therefore, he has not shown that the error affected his substantial rights. See id.

Perkins further contends that the district court erred in overruling his motion to suppress evidence because, he insists, there was no probable cause to stop his vehicle. On appeal of the denial of a motion to suppress, we review factual findings for clear error and legal conclusions de novo. United States v. Nunez-Sanchez, 478 F.3d 663, 666 (5th Cir. 2007). The police were reasonable in stopping Perkins's vehicle: There was probable cause to believe that there were two unrestrained children in the vehicle and that Perkins was speeding. See Whren v. United States, 517 U.S. 806, 810 (1996). Although the vehicle's glass contained several shades of increasingly darker tint, the police sergeant who initially stopped Perkins's vehicle testified that she could see clearly through the front windshield. The district court's finding that the sergeant observed the unrestrained children is entitled to deference. See United States v. Gibbs, 421 F.3d 352, 357 (5th Cir. 2005). And, Perkins has not shown that the district court erred in finding that he gave his valid consent to have the vehicle

searched. See United States v. Chavez-Villarreal, 3 F.3d 124, 127 (5th Cir. 1993).

Accordingly, the judgment is

AFFIRMED.