[No. C056068. Third Dist. Apr. 18, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
JUAN MIGUEL MEDRANO, Defendant and Appellant.

**COUNSEL**

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and Maggy Krell, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**CANTIL-SAKAUYE, J.**—In 2001, defendant Juan Miguel Medrano was sentenced to five years in state prison pursuant to a negotiated plea agreement in two Butte County cases. Based on the parties' stipulation that defendant was addicted to or in danger of becoming addicted to narcotics (Welf. & Inst. Code, § 3051), the court suspended execution of the sentence and referred defendant to the California Rehabilitation Center (CRC).

Six years later, defendant's commitment to CRC was revoked and criminal proceedings were reinstated after he was convicted of a new offense in

Riverside County. The court reimposed sentence as originally imposed in 2001, and added a consecutive eight-month term (one-third the middle term) for the new offense.

On appeal, defendant contends imposition of the upper term violated his federal constitutional rights under the law of *Cunningham v. California* (2007) 549 U.S. 270 [166 L.Ed.2d 856, 127 S.Ct. 856] (*Cunningham*). We shall affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts related to defendant's crimes are not relevant to the issue on appeal.

On April 18, 2001, defendant entered a plea agreement in which he pled no contest in *People v. Medrano* (Super. Ct. Butte County, 2001, No. CM015325) to receiving stolen property (Pen. Code, § 496, subd. (a)),[1] and pled no contest in Butte County case No. CM015426 to two counts of receiving stolen property (§ 496, subd. (a)) and one count of second degree burglary (§ 459), in exchange for dismissal of all remaining counts in both cases subject to a *Harvey*[2] waiver.[3]

On May 16, 2001, the trial court sentenced defendant to the upper term of three years on the burglary count, and consecutive eight-month terms (one-third the middle term) for each of the three receiving stolen property counts, for an aggregate sentence of five years in state prison. Based on the parties' stipulation that defendant was addicted to or in danger of becoming addicted to narcotics, the court suspended execution of sentence and referred defendant to the CRC pursuant to Welfare and Institutions Code section 3051 et seq.

On January 31, 2007, defendant was convicted in Riverside County of second degree burglary (§ 459). Pursuant to that conviction, the trial court vacated defendant's civil commitment to CRC, reinstated criminal proceedings in Butte County and reimposed the sentence originally imposed on May

---

[1] Hereafter, undesignated statutory references are to the Penal Code.

[2] *People v. Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396].

[3] As part of the plea agreement, defendant also pled no contest in *People v. Medrano* (Super. Ct. Butte County, 2001, No. SCR34049) to being under the influence of a controlled substance in violation of Health and Safety Code section 11550. He was sentenced to 90 days in county jail and given credit for time served.

16, 2001, adding a consecutive eight-month term for the Riverside County conviction. The trial court noted that, in reimposing the upper term, it was relying on all factors originally relied on by the court in 2001. When defense counsel interposed a *Cunningham* objection to imposition of the upper term, the court noted that it was specifically relying on the fact that defendant was on probation at the time the crime was committed.

Defendant filed a timely notice of appeal.

## DISCUSSION

Defendant contends the factors used by the trial court to impose the upper term should have been found true by a jury beyond a reasonable doubt according to the law in *Cunningham*, *Blakely v. Washington* (2004) 542 U.S. 296 [159 L.Ed.2d 403, 124 S.Ct. 2531] (*Blakely*) and *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435, 120 S.Ct. 2348] (*Apprendi*), that the court violated his constitutional rights by failing to exercise its discretion to impose a lesser sentence in 2007, and that *People v. Black* (2007) 41 Cal.4th 799 [62 Cal.Rptr.3d 569, 161 P.3d 1130] (*Black II*) and *People v. Sandoval* (2007) 41 Cal.4th 825 [62 Cal.Rptr.3d 588, 161 P.3d 1146] (*Sandoval*) were wrongly decided.

The People argue that, because defendant is appealing the court's imposition of the upper term, the appeal should have been filed 60 days after imposition of the sentence in 2001. Because it was not, they urge, it is untimely and must therefore be dismissed. The People are wrong.

■ "[U]nder the statutory scheme surrounding commitment to CRC, the sentence imposed by the court . . . is for practical purposes only an interim sentence. . . . [Citation.] There will be another sentencing hearing at a later date, at which time the court will be entitled to modify [defendant's] sentence and even to dismiss the charges against him. Any determination of the validity of the current sentence, accordingly, would be premature." (*People v. Barnett* (1995) 35 Cal.App.4th 1, 3 [41 Cal.Rptr.2d 279].) Defendant's sentence was not entered until he was discharged from CRC and returned to the trial court for further proceedings. His appeal from the sentence reimposed in 2007 is timely. (*Id.* at p. 5.)

■ In any event, defendant's claim fails on the merits. Applying the Sixth Amendment to the federal Constitution, the United States Supreme Court

held in *Apprendi* that other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be tried to a jury and proved beyond a reasonable doubt. (*Apprendi, supra,* 530 U.S. at p. 490 [147 L.Ed.2d at p. 455].) For this purpose, the statutory maximum is the maximum sentence that a court could impose based solely on facts reflected by a jury's verdict or admitted by the defendant; thus, when a sentencing court's authority to impose an enhanced sentence depends upon additional fact findings, there is a right to a jury trial and proof beyond a reasonable doubt on the additional facts. (*Blakely, supra,* 542 U.S. at pp. 302–304 [159 L.Ed.2d at pp. 413–414].)

Accordingly, in *Cunningham,* the United States Supreme Court held that by "assign[ing] to the trial judge, not to the jury, authority to find the facts that expose a defendant to an elevated 'upper term' sentence," California's determinate sentencing law "violates a defendant's right to trial by jury safeguarded by the *Sixth* and *Fourteenth* Amendments." (*Cunningham, supra,* 549 U.S. at p. 274 [166 L.Ed.2d at p. 864] (italics added), overruling on this point *People v. Black* (2005) 35 Cal.4th 1238 [29 Cal.Rptr.3d 740, 113 P.3d 534] (*Black I*), vacated and remanded in *Black v. California* (2007) 549 U.S. 1190 [167 L.Ed.2d 36, 127 S.Ct. 1210].) Thus, except for a prior conviction, any fact that increases the penalty for a crime beyond the middle term must be tried to the jury and proved beyond a reasonable doubt.

Applying *Cunningham,* in *Black II,* this state's highest court recently held that, "imposition of the upper term does not infringe upon the defendant's constitutional right to jury trial so long as one legally sufficient aggravating circumstance has been found to exist by the jury, has been admitted by the defendant, or is justified based upon the defendant's record of prior convictions." (*Black II, supra,* 41 Cal.4th at p. 816.)

In deciding to impose the upper term for the principal offense, the trial court cited the fact that defendant was on probation when the offense was committed. Although the court used a preponderance of the evidence standard in finding this circumstance in aggravation, defendant does not dispute that he was on three grants of probation at the time of his 2001 sentence.

■ As pointed out in *Apprendi, Blakely, Cunningham* and *Black II,* the Sixth Amendment jury trial guarantee does not apply to prior convictions that are used to impose greater punishment. (See, e.g., *Cunningham, supra,* 549 U.S. at p. 275 [166 L.Ed.2d at p. 864]; *Black II, supra,* 41 Cal.4th at

pp. 818–819.) That exception applies not only to the fact of a prior conviction, but also to "an issue of recidivism which enhances a sentence and is unrelated to an element of a crime." (*People v. Thomas* (2001) 91 Cal.App.4th 212, 223 [110 Cal.Rptr.2d 571].) Therefore, " 'the fact of a prior conviction,' and related facts . . . may be judicially found at sentencing." (*U.S. v. Cordero* (5th Cir. 2006) 465 F.3d 626, 632–633, fns. omitted.) For instance, the trial court may determine and rely on the defendant's probation or parole status to impose the upper term. (Cf. *U.S. v. Fagans* (2d Cir. 2005) 406 F.3d 138, 141–142; *U.S. v. Corchado* (10th Cir. 2005) 427 F.3d 815, 820 ["the 'prior conviction' exception extends to 'subsidiary findings' such as whether a defendant was under court supervision when he or she committed a subsequent crime"].)

■ Here, it was proper for the trial court to impose the upper term based on defendant's probationary status at the time of the crime, an aggravating factor that did not have to be submitted to a jury. (*U.S. v. Corchado, supra*, 427 F.3d at p. 820.) Accordingly, the trial court's reliance on that factor did not run afoul of the Sixth Amendment.

Furthermore, as defendant concedes, we are obligated to follow *Black II* and *Sandoval*. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].) Since there is at least one valid qualifying factor which justifies his upper term sentence, defendant's *Cunningham* claim is without merit.

■ Because defendant provides no analysis to support his claim that the court "had the right to modify defendant's sentence downward should circumstances warrant it" but failed to do so, we need not discuss it. (See *People v. Freeman* (1994) 8 Cal.4th 450, 482, fn. 2 [34 Cal.Rptr.2d 558, 882 P.2d 249] [a reviewing court need not discuss claims that are asserted perfunctorily and insufficiently developed]; *People v. Hardy* (1992) 2 Cal.4th 86, 150 [5 Cal.Rptr.2d 796, 825 P.2d 781] [same]; *People v. Galambos* (2002) 104 Cal.App.4th 1147, 1159 [128 Cal.Rptr.2d 844] [appellate contentions must be supported by analysis]; *People v. Sangani* (1994) 22 Cal.App.4th 1120, 1135–1136 [28 Cal.Rptr.2d 158] [the appellant's legal analysis must be connected to the evidence in the case].)

Finally, because we ultimately do not find any reversible sentencing error, we need not consider defendant's contentions regarding *Sandoval*.

## DISPOSITION

The judgment is affirmed.

Sims, Acting P. J., and Morrison, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 30, 2008, S163694. George, C. J., did not participate therein.