REVISED JUNE 27, 2008
IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 26, 2008

Charles R. Fulbruge III
Clerk

No. 07-51281
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DANA YOUNG, also known as Dana Dee Young

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:07-CR-111-ALL

Before KING, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Dana Dee Young was convicted by a jury of being a felon in possession of a firearm. Young was sentenced to a 36-month term of imprisonment and to a three-year period of supervised release and was ordered to pay a $2,000 fine. Young gave timely notice of his appeal.

Young contends that the district court erred in denying his motion to suppress the firearm found during a traffic stop. Young contends that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

weapon was discovered after the traffic stop should have ended.  The  police officer who detained Young developed, during the course of the traffic stop, a reasonable and articulable suspicion that a crime had been or was being committed by Young.  Before the final records check was completed, the officer knew that Young had been behaving suspiciously in the early morning hours in an area known for narcotics trafficking and prostitution, that Young appeared to be nervous, that Young had voluntarily produced two crack pipes, that Young was known for carrying a knife, and that Young had repeatedly moved his hands to his waistband despite repeated instructions by the officer not to do so.  Under these circumstances, it was reasonable for the officer to continue to detain after the final records check had been completed and to frisk Young to determine whether he was carrying narcotics or a weapon in his waistband.  The district court did not clearly err in denying the motion to suppress.  See United States v. Brigham, 382 F.3d 500, 506-09 (5th Cir. 2004) (en banc).

Young contends that the district court erred in refusing to adjust his offense level for acceptance of responsibility.  Young argues that he never denied that he possessed the weapon and that he went to trial only so that he would have an opportunity to tell his story.  Young has not shown that this case presents a rare situation in which a defendant that has exercised his constitutional right to a jury trial has also clearly demonstrated acceptance of responsibility for the offense.  See U.S.S.G. § 3E1.1, comment. (n.2).  The district court did not clearly err in refusing to award an adjustment for acceptance of responsibility.  See United States v. Cordero, 465 F.3d 626, 630-32 (5th Cir. 2006).

AFFIRMED.