# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2008

Charles R. Fulbruge III
Clerk

No. 08-20064
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SANTIAGO RUIZ-PADILLA, also known as Antonio Bartalon-Lopez, also known as Antonio Lopez

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-259-ALL

Before DAVIS, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Santiago Ruiz-Padilla (Ruiz) has appealed the sentence imposed following entry of his guilty plea to the charge of illegal reentry into the United States after deportation. Ruiz contends that the district court erred in refusing to adjust his sentencing guidelines offense level for acceptance of responsibility because in a written statement to the court, in which he admitted that he had broken the law, Ruiz signed his name falsely using one of his aliases.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ruiz argues that he pleaded guilty soon after his new attorney was appointed and without benefit of a written plea agreement; that he freely admitted that he had violated the law by entering the United States illegally after deportation and that his real name was Santiago Ruiz-Padilla; that the district court was aware that he sometimes used the alias Antonio Bartolon Lopez; and that he explained to the district court that he had signed his statement using that name because that was the name he gave at the time of his arrest. He argues that he was just trying to be consistent and truthful.

Ruiz's argument is based on a faulty premise. The record reflects that Ruiz gave another name, Santiago Ruiz, at the time of his arrest.

The district court's ruling is given great deference by this court and was not without foundation. See United States v. Cordero, 465 F.3d 626, 630 (5th Cir. 2006); United States v. Patino-Cardenas, 85 F.3d 1133, 1136 (5th Cir. 1996). Ruiz has not shown that the district court committed a significant procedural error or that it abused its discretion in refusing to adjust Ruiz's offense level for acceptance of responsibility. See Gall v. United States, 128 S. Ct. 586, 596-97 (2007). The judgment is AFFIRMED.