Filed 10/23/13  P. v. Levy CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JEAN LEVY,<br><br>    Defendant and Appellant. | B244160<br><br>(Los Angeles County<br>Super. Ct. No. LA050846) |

APPEAL from an order of the Superior Court of Los Angeles, Michael V. Jesic, Judge.  Appeal dismissed.

Andrew Reed Flier for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, and Paul M. Roadarmel, Jr. and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Jean Levy appeals from an order denying his motion to dismiss his criminal conviction after successfully completing a California Rehabilitation Center (CRC) commitment. We dismiss the appeal as untimely.

## PROCEDURAL BACKGROUND

In an information filed on January 11, 2006 Levy was charged with pandering (Pen. Code, § 266i, subd. (a)(1)) and pimping (Pen. Code, § 266h, subd. (a)). Levy appeared with retained counsel on November 20, 2006 and entered a negotiated plea of no contest to pandering on condition the trial court stay a three-year sentence and refer him to CRC. At the time of his plea Levy was advised of his constitutional rights and the nature and consequences of his plea, which Levy stated he understood. Defense counsel joined in the waivers of Levy's constitutional rights. The trial court found Levy's waivers and plea were voluntary, knowing and intelligent.

In accordance with the plea agreement the trial court imposed the lower term of three years in state prison, stayed execution of sentence and referred Levy to CRC for a determination of his eligibility for narcotics addiction treatment. (Welf. & Inst. Code, § 3051.)[1] The remaining count was dismissed on the People's motion.

At a March 27, 2007 hearing the trial court found Levy was a narcotics addict, suspended further criminal proceedings and ordered Levy committed to CRC for a period not to exceed three years. Levy was discharged from CRC on April 16, 2008 after successfully completing the treatment program; he was discharged from parole on February 17, 2010.

On December 8, 2010 Levy moved to dismiss the pandering charge pursuant to sections 3051 and 3200. In denying the motion the trial court stated Levy had been improperly committed to CRC because the offense of pandering carries a mandatory state prison term. (Pen. Code, § 266i, subd. (a).) Noting Levy had approximately two years remaining on his state prison sentence following his discharge from CRC, the court

---

[1] Statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2

reinstated criminal proceedings and sentenced Levy to 730 days in state prison with credit for time served (365 actual days in CRC and 365 days conduct credit).

Levy filed a "supplemental motion" to dismiss the pandering charge, which was heard and denied without prejudice by a different bench officer on March 29, 2012. His "second supplemental motion" to dismiss the charge was heard and denied without prejudice by the same bench officer on July 31, 2012. On September 21, 2012 Levy filed a notice of appeal from the "decision imposed on July 31, 2012."

## DISCUSSION

"[A] notice of appeal must be filed within 60 days after the rendition of the judgment or the making of the order being appealed." (Cal. Rules of Court, rule 8.406(a)(1).) "[T]he filing of a timely notice of appeal is a jurisdictional prerequisite. 'Unless the notice is actually or constructively filed within the appropriate filing period, an appellate court is without jurisdiction to determine the merits of the appeal and must dismiss the appeal.'" (*Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 113.) "The purpose of this requirement is to promote the finality of judgments by forcing the losing party to take an appeal expeditiously or not at all." (*Ibid.*; *People v. Mendez* (1999) 19 Cal.4th 1084, 1094 ["An untimely notice of appeal is 'wholly ineffectual: The delay cannot be waived, it cannot be cured by nunc pro tunc order, and the appellate court has no power to give relief, but must dismiss the appeal on motion or on its own motion.'"].)

Levy's appeal is untimely. When Levy appeared for resentencing following his discharge from CRC,[2] the trial court's decision to deny his motion to dismiss the

---

[2] When a defendant is discharged from CRC, whether he or she has successfully completed the treatment program (§ 3200), has served all of the available confinement time (§ 3201) or was involuntarily released from the program as unfit (§ 3053), the defendant must be returned to the trial court by CRC for resentencing. (See *People v. Barnett* (1995) 35 Cal.App.4th 1, 3-4.) The trial court has the discretion to modify the sentence, dismiss the criminal charges or suspend further proceedings as it deems appropriate in the interests of justice. (§§ 3200, subd. (b), 3201, subds. (c) & (d).) The only limitation is the defendant may not be resentenced to a greater term than originally imposed and suspended. (*People v. Scott* (1984) 150 Cal.App.3d 910, 916-920.) The

3

pandering charge and sentence him to credit for time served on December 8, 2010 was immediately appealable as a final judgment within the meaning of Penal Code section 1237.[3] Levy had 60 days from that date, or until February 8, 2011, to file his notice of appeal. Levy's two additional attempts to have essentially the same motion granted in superior court did not operate to extend that jurisdictional deadline for appellate review. (See *People v. Mena* (2012) 54 Cal.4th 146, 152 [the right of appeal is statutory, and a judgment or order is not appealable unless expressly made so by statute].)

**DISPOSITION**

The appeal is dismissed.

PERLUSS, P.J.

We concur:

ZELON, J.

SEGAL, J.[*]

---

defendant may appeal from the trial's decision at that time as a final judgment (E.g., *People v. Madison* (1993) 17 Cal.App.4th 783.)

[3] Penal Code section 1237 provides: "An appeal may be taken by the defendant: [¶] (a) From a final judgment of conviction . . . . A sentence, an order granting probation, or the commitment of a defendant for insanity, the indeterminate commitment of a defendant as a mentally disordered sex offender, or the commitment of a defendant for controlled substance addiction shall be deemed to be a final judgment within the meaning of this section. Upon appeal from a final judgment the court may review any order denying a motion for a new trial."

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4