# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10407
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 6, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RODERICK JOHNSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-192-1

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Roderick Johnson appeals his jury conviction of unlawful possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), and the resulting sentence of 120 months of imprisonment and three years of supervised release. He argues that § 922(g)(1) violates the Commerce Clause, the evidence was insufficient to establish that the weapon traveled in interstate commerce, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10407

the district court erred by denying a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 (2015).

We have consistently held that § 922(g)(1), which prohibits possession of a firearm by a convicted felon, does not violate the Commerce Clause. *See United States v. Alcantar*, 733 F.3d 143, 145-46 & n.4 (5th Cir. 2013); *United States v. Wallace*, 889 F.2d 580, 583 (5th Cir. 1989). Thus, Johnson's argument that § 922(g)(1) is unconstitutional is foreclosed. *See Alcantar*, 733 F.3d at 145-47 & n.4; *Wallace*, 889 F.2d at 583.

Because Johnson did not preserve his challenge to the sufficiency of the evidence, we review his challenge for plain error. *See United States v. Davis*, 690 F.3d 330, 336 and n.6 (5th Cir. 2012). The Government presented testimony from Bureau of Alcohol, Tobacco, Firearms and Explosives Agent Daniel Kaase, who testified that the firearm had been manufactured in Germany. Further, the importer and distributor of the firearm was in Los Angeles, California. Thus, the firearm's presence in Texas, where Johnson possessed it, meant that it had traveled in or affected interstate commerce. This evidence sufficiently established the interstate nexus of § 922(g)(1). *See United States v. Guidry*, 406 F.3d 314, 318 (5th Cir. 2005); *United States v. Broadnax*, 601 F.3d 336, 343-44 (5th Cir. 2010).

We review Johnson's challenge to the denial of the § 3E1.1 reduction with a standard of review that is even more deferential than a pure clearly erroneous standard, and will affirm unless the denial is without foundation. *United States v. Rudzavice*, 586 F.3d 310, 315 (5th Cir. 2009); § 3E1.1, comment. (n.5). This is not one of the "rare" cases where a defendant who has gone to trial should have nonetheless been awarded the § 3E1.1 reduction. § 3E1.1, comment. (n.2). While Johnson relies upon *United States v. Fells*, 78 F.3d 168 (5th Cir. 1996), to support his argument, his case is distinguishable.

In *Fells*, the defendant, prior to trial, admitted all operative facts and cooperated with government officials. *Id.* at 171-72. In contrast, Johnson's conduct in refusing to provide fingerprints and his delay until mid-trial to stipulate to possession of the weapon are not indicative of acceptance of responsibility. *See* § 3E1.1, comment. (n.2). Finally, a challenge to the sufficiency of the evidence, such as the argument presented by Johnson, may be considered as a failure to accept responsibility. *See United States v. Cordero*, 465 F.3d 626, 631-32 (5th Cir. 2006).

AFFIRMED.