# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40328
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 29, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff—Appellee,

v.

LUIS ANGEL GARCIA,

Defendant—Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-910-1

Before JOLLY, JONES, and OWEN, Circuit Judges.

PER CURIAM:[*]

Luis Angel Garcia entered a conditional guilty plea to possessing with intent to distribute methamphetamine and aiding and abetting. His plea agreement reserved his right to appeal the denial of his motion to suppress drug evidence seized from his home pursuant to a search warrant, as well as statements he made to law enforcement officers when they questioned him about the drugs. Garcia argues that the affidavit supporting the warrant was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a "bare bones" affidavit and that the officers who executed the search could not rely on the warrant in good faith.

We review de novo the district court's determination that the officers' reliance on the warrant was reasonable. *United States v. Cherna*, 184 F.3d 403, 406-07 (5th Cir. 1999). A "bare bones" affidavit contains "wholly conclusory statements, which lack the facts and circumstances from which a magistrate can independently determine probable cause." *United States v. Satterwhite*, 980 F.2d 317, 321 (5th Cir. 1992).

Here, the affidavit fails to provide evidence of the veracity of the informant, whom it describes in a conclusory manner as "a reliable documented confidential informant" (CI). *See United States v. Barrington*, 806 F.2d 529, 531 (5th Cir. 1986). However, we consider the totality of the circumstances when evaluating whether an affidavit is "bare bones." *United States v. Fisher*, 22 F.3d 574, 578 (5th Cir. 1994). An affidavit may rely on hearsay if the affidavit presents a substantial basis for crediting the hearsay. *Satterwhite*, 980 F.2d at 321. The CI saw a male subject known as "Angel" inside the home holding a black and yellow backpack that contained three or four "brick size cellophane wrapped bundles" containing heroin and methamphetamine. The CI provided a detailed description of the property and a physical description of Angel. Thus, the affidavit "sufficiently demonstrated the CI's basis of knowledge," showing that the CI "personally observed" the events. *Id.* at 322; *see United States v. Cisneros*, 112 F.3d 1272, 1279 (5th Cir. 1997). The CI's observations were recent, made within 48 hours of when the affidavit was sworn. *See United States v. Cordero,* 465 F.3d 626, 630 (5th Cir. 2006). Also, the affiant officer's search of police records showed that a person whose name and sex matched the CI's information was connected to the property in

No. 17-40328

question. This "tends to corroborate the CI's story." *Satterwhite*, 980 F.2d at 322.

AFFIRMED.