# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 20, 2021

Lyle W. Cayce
Clerk

No. 20-50783
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CARLOS ALBERTO DUARTE-LANZA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:19-CR-246-1

Before HAYNES, WILLETT, and HO, *Circuit Judges*.

PER CURIAM:*

Carlos Alberto Duarte-Lanza appeals the 21-month sentence imposed following his jury trial conviction for illegal reentry into the United States after deportation, in violation of 8 U.S.C. § 1326. He asserts that the district

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

court erred by determining that he was not entitled to a reduction of his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1.

"[W]e review the district court's interpretation and application of the sentencing guidelines de novo and its findings of fact for clear error." *United States v. Lord*, 915 F.3d 1009, 1017 (5th Cir. 2019). However, we will affirm the district court's decision to deny a defendant a reduction for acceptance of responsibility unless that decision is "without foundation, a standard of review more deferential than the clearly erroneous standard." *Id.* (internal quotation marks and citation omitted).

Section 3E1.1(a) of the United States Sentencing Guidelines provides that an offense level may be reduced by two levels "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." § 3E1.1(a). The adjustment "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." § 3E1.1, comment. (n.2). Nonetheless, a defendant who proceeds to trial is not automatically precluded from receiving a reduction. § 3E1.1, comment. (n.2). Therefore, in rare situations, "[a] defendant can proceed to trial on issues not relating to factual guilt and still receive credit for acceptance of responsibility." *United States v. Washington*, 340 F.3d 222, 228 (5th Cir. 2003); *see* § 3E1.1, comment. (n.2).

Duarte-Lanza's argument that he focused on purely legal issues at trial is contradicted by the trial transcript. Although he argues that he admitted his guilt to the arresting agents and the court, and only proceeded to trial to preserve the legal issue that he had been mistreated by jail staff, he nevertheless put the Government to its full burden of proof in contesting the sufficiency of the evidence at trial. Duarte-Lanza did not stipulate to any uncontested facts or elements at trial and, instead, challenged all elements of

the illegal-reentry offense. We have affirmed district court denials of a § 3E1.1 reduction where a defendant, much like Duarte-Lanza, proceeded to trial and attacked the underlying elements of the offense. *See, e.g.*, *United States v. Cordero*, 465 F.3d 626, 631-32 (5th Cir. 2006); *United States v. Pofahl*, 990 F.2d 1456, 1485 (5th Cir. 1993).

Even if Duarte-Lanza could show that his was one of the "rare situations" contemplated by § 3E1.1, comment. (n.2), his conduct and pre-trial admissions do not show the requisite "sincere contrition." *United States v. Medina-Anicacio*, 325 F.3d 638, 648 (5th Cir. 2003) (internal quotation marks and citation omitted); *see United States v. Thomas*, 120 F.3d 564, 575 (5th Cir. 1994). Finally, insofar as Duarte-Lanza argues that his mental health issues caused him to believe that his alleged mistreatment in jail was somehow related to the illegal-reentry offense, this argument is belied by the record. Regardless of how untenable it may have been, Duarte-Lanza was aware of the consequences of proceeding to trial and chose to take that risk.

Accordingly, Duarte-Lanza has not shown that the district court erred in denying him an acceptance of responsibility reduction. *See Lord*, 915 F.3d at 1017.

The judgment of the district court is AFFIRMED.